UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| KEVIN LEE DIXIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:09-CV-0269 WL |
| | ) | |
| DAVID AVERY, Judge, Allen Superior Court, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Plaintiff Kevin Dixie submitted a complaint pursuant to 42 U.S.C. § 1983 against Allen Superior Court Judge David Avery. He alleges that Judge Avery has not yet held a hearing in a civil case filed by Dixie in state court and seeks injunctive relief directing Judge Avery to commence proceedings in his state case.

Dixie also seeks leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915, indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in the federal courts. To prevent abusive, captious or meritless litigation, however, federal courts are authorized to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. 28 U.S.C. §1915(e)(2). Section 1915(e)(2)(B) requires a court to *sua sponte* dismiss a complaint filed *in forma pauperis* at any time if the court determines it is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A claim may be dismissed for failure to state a claim upon which relief can be granted if it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft* v. *Iqbal*, 556 U.S. ___ (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court has stated, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id.* (citing *Twombly*, 550 U.S. at 570). A court will view all well-pleaded allegations in a light most favorable to the plaintiff. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

Dixie states in his complaint that this court dismissed an earlier complaint he filed. Dixie then refiled his claim in the Allen Superior Court. That

case is *Dixie v. Captain Feesel, et. al.*, cause number 02D01-0902-CT-85. He asserts that Judge Avery, who is presiding over his state case, held a hearing but then refused to proceed further until Dixie properly served the defendants with process. Dixie attaches an order from Judge Avery that explains what happened in more detail:

> Telephonic conference conducted with Plaintiff, Kevin Dixie. The Court explains that the most recent summons[es] sent to the Court were defective because the summons[es] failed to provide an address for the named parties and also failed to indicate the manner of service. Plaintiff requested the Court to return the summons[es] which the court did by placing them in one of the Plaintiff's self-addressed envelopes. The court will await the receipt of the summons[es] from the Plaintiff. (*Court to notify*).

(DE 1 at 11).

The complaint establishes that Judge Avery is presiding over a civil complaint Dixie filed in state court, that Judge Avery has determined that Dixie has not achieved service on the defendants in that case, and that he has advised Dixie that the case will not commence until Dixie submits summonses that will allow the court to serve the defendants. Dixie asks this court to "intervene" in his state civil case and "issue a writ to grant [him] a Court-Date." (DE 1 at 5).

The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 53 (1971) requires a federal district court to refrain from interfering with pending state criminal proceedings in deference to principles of equity, comity, and

3

federalism. More recently, the courts have expanded application of the abstention doctrine beyond state criminal prosecutions to state civil cases and, in some cases, administrative proceedings. The *Younger* principle, in its present form, basically provides "that, absent extraordinary circumstances, a federal court should not interfere with pending state judicial proceedings." *Hickey v. Duffy*, 827 F.2d 234, 244 (7th Cir.1987) (Flaum, J. Conc.). In *Middlesex County Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 432 (1982), the Supreme Court applied a three-part analysis in deciding to abstain under *Younger* in deference to state bar disciplinary proceedings. The three inquiries the Court identified are: "first, do state [proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.*, at 432.

The subject of this complaint is an ongoing state judicial proceeding. Unlike most of the occasions in which litigants ask the federal courts to intervene in state proceedings, there is no Federal Constitutional question that would give this court jurisdiction within which to act. All Dixon asks is that this court order Judge Avery to conduct a hearing after he has told Dixon that Dixon needs to acquire jurisdiction over the defendants before his case can continue against them. The states have an important interest in not having federal courts tell their courts how to interpret court rules and conduct proceedings in state court. Indeed, the Eleventh Amendment precludes this court from granting the plaintiff injunctive or declaratory relief on state law.

4

*Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984).

> A federal court's grant of relief against state officials on the basis of state law, . . . does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.

*Id.* at 106.

Accordingly, this court declines to intervene in Dixon's state civil case or to give Judge Avery substantive or procedural advice on how to conduct the proceedings in *Dixie v. Captain Feesel, et. al.*, cause number 02D01-0902-CT-85.

For the foregoing reasons, the court DENIES the plaintiff's motion for leave to proceed *in forma pauperis* (DE #2) and DISMISSES this cause of action pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

SO ORDERED.

DATED: October 2, 2009

                                          **s/William C. Lee**
                                          William C. Lee, Judge
                                          United States District Court